UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 MAR 27 P 4: 46

| | |
|---|---|
| SEANTELL D. CRENSHAW,<br>    Plaintiff, | )<br>)<br>) Civil Action No.:<br>) 2:06CV276-DRB<br>) Complaint and Jury Demand<br>)<br>) |
| v. | |
| KELLY AEROSPACE POWER SYSTEMS,<br>    Defendant. | |

## COMPLAINT

COMES NOW the Plaintiff against the above-captioned defendant and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and 42 U.S.C. § 1981, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the doctrine of supplemental jurisdiction to obtain declaratory relief and compensatory and punitive damages. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States, and by federal law. Plaintiff has been adversely affected by the defendant's violations of federal law and institutes these proceedings and invokes the jurisdiction of this Court under the Americans with Disabilities Act, 42 U.S.C. §12112 (b) *et. seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981.

2. Jurisdiction is proper in the U.S. District Court as a consequence of Plaintiff's having fulfilled all administrative requirements through the filing and processing of her charge of discrimination filed with the EEOC and her receipt of a Notice of Right to Sue, which notice was issued on December 27, 2005. This action is timely filed.

3. The violations of Plaintiff's rights as alleged herein occurred in Lowndes County, Alabama, and were committed within the Middle District of the State of Alabama.

## PARTIES

4. Plaintiff Seantell D. Crenshaw (hereinafter, "Crenshaw"), who is over the age of 19 years, is and was at all times material hereto a member of a protected class, Black, a disabled person within the meaning of the Americans with Disabilities Act, and a citizen of the United States and the State of Alabama, residing in Butler County, Alabama.

5. Defendant Kelly Aerospace Power Systems (hereinafter, "Kelly"), a better denomination of whom is presently unknown but will be added by amendment when ascertained, is a business operating in Lowndes County, Alabama.

## NATURE OF PROCEEDINGS

6. This is a proceeding for a declaratory judgment as to Plaintiff's rights and for a permanent injunction, restraining the defendant from maintaining a policy, practice, custom or usage of discrimination against Plaintiff and all others similarly situated because of race and disability and restraining the further subjection of Plaintiff to disparate treatment with respect to the making and enforcement of contracts. The Complaint also seeks restitution to the Plaintiff of all rights, privileges, and benefits that would have been received by Plaintiff but for the defendant's unlawful and discriminatory practices. Further, Plaintiff seeks compensatory and punitive damages for their suffering as a consequence of the wrongs alleged herein. Further, Plaintiff seek such equitable relief, costs, and fees, as to which they may be entitled.

7. Plaintiff avers that the defendant, by and through its agents, acted to deny Plaintiff her rights under the laws of the United States of America and the State of Alabama and that

such action was designed to discriminate against Plaintiff who are members of a protected class, Black.

8. Plaintiff avers that the defendant's actions were designed to prevent her and others similarly situated from obtaining an equality with non-protected group members in the making and enforcement of contracts, specifically employment contracts.

9. As a proximate result of the illegal actions alleged above, Plaintiff has been damaged in that she has been deprived of the right to gainful employment with the employer of her choosing, as well as caused to suffer financial loss, great humiliation, pain, suffering, and mental anguish from then until now.

10. Plaintiff avers that the defendant acted to create a hostile environment with the specific intent or the result to deprive Plaintiff of her rights as alleged above and to cause Plaintiff to be damaged and to discriminate against her because of her race, Black, and her disability, diabetes, and that the defendant is aware of such hostile environment and has failed to either prevent or correct it.

## FACTS

11. Plaintiff expressly adopts as if fully set forth herein the allegations in each of the foregoing paragraphs.

12. Plaintiff began her employment with Kelly in September, 2004. Plaintiff worked as an assembler on the production line. During the course of her employment Plaintiff became ill due to her condition as a diabetic. Plaintiff was forced to miss work for several weeks. Plaintiff appropriately provided Kelly with notice of her hospitalization, as well as a doctor's excuse. Plaintiff was released to work on February 7, 2005. Upon her return to work she learned that she had been discharged. Plaintiff believes she was replaced by a

White male. Plaintiff was informed that she was discharged because she failed to report to work or because she failed to notify Kelly on a daily basis of her status.

13. Plaintiff was terminated, either actually or constructively, solely because of her race, Black, and/or because of her disability, diabetes.

14. Plaintiffs' position of employment was immediately filled by a non-disabled White person.

15. Plaintiff has been injured in that she has been deprived of her livelihood, she has lost wages and benefits, she has suffered embarrassment and humiliation, and she has suffered severe emotional distress and mental anguish.

## CAUSES OF ACTION

16. As to the causes of action set forth below, Plaintiff expressly adopts as if fully set forth herein the allegations of each and all of the preceding paragraphs.

## COUNT I – RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

17. Plaintiff is a member of a group protected under 42 U.S.C. § 1981.

18. The acts complained of herein impaired her rights under 42 U.S.C. § 1981, specifically that the acts of discrimination affected the making and performance of contracts and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationships enjoyed with Kelly.

19. Plaintiff avers that those benefits, privileges, terms and conditions of which Plaintiff was either deprived or whose right to same was impaired by acts of discrimination were enjoyed by White persons.

20. Plaintiff avers that the discrimination complained of is causally connected to her race, Black.

21. As a result of the violations of Plaintiff's rights under 42 U.S.C. § 1981, Plaintiff has been damaged and claims entitlement to any and all relief as may be afforded her to redress said wrongs.

22. Plaintiff maintains that the defendant's employees and/or agents are directly liable under 42 U.S.C. § 1981 for the deliberate and intentional acts.

23. Plaintiff maintains alternately that Defendant is liable under 42 U.S.C. § 1981 pursuant to the doctrine of respondeat superior.

### COUNT II – RACE DISCRIMINATION UNDER 42 U.S.C. § 2000e, *et seq.*

24. Plaintiff is a member of a protected class, Black.

25. Plaintiff held a job with the defendant, was qualified for her job, and was performing her job to the reasonable expectation of the defendant.

26. Plaintiff was subjected to adverse and discriminatory treatment sufficient to alter the terms, conditions and privileges of her employment, and the treatment to which she was subjected was because of her race, black.

27. Plaintiff was subjected to an ultimate adverse employment action, termination.

28. Members of non-protected classes were not and would not have been subjected to the employment actions visited upon Plaintiff.

29. Plaintiff has been injured thereby.

### COUNT III – DISABILITY DISCRIMINATION UNDER 42 U.S.C. § 12112 *et seq.*

30. Plaintiff avers that positions were open, that work was available, and that she was capable of performing each and all of the essential functions of the position she held with or without reasonable accommodation.

23. Plaintiff avers that she is a member of a protected class, disabled, in that she has a

disability which substantially limits one or more major life functions, to wit: diabetes; and that she has a record of such a disability, or is regarded by the defendant as having such a disability.

27. Plaintiff avers that she was available to perform the job in question.

28. Plaintiff avers that she was terminated from her employment in the job in question.

29. Plaintiff avers that the position was thereafter open for further applications and was filled by a member of a non-protected class.

30. Plaintiff avers that the defendant discriminated against her because of her disability and by doing so affected the terms, conditions and/or privileges of her employment.

31. Plaintiff further avers that the employer's discrimination based on disability had the effect of limiting and/or segregating her from other workers and applicants, thereby depriving her of an employment opportunity.

32. Plaintiff has been injured thereby, in that she has been denied employment opportunities, has lost wages between the date of her termination and now, and has been subjected to humiliation and embarrassment at being without a job, and has suffered mental anguish and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE THE PREMISES CONSIDERED, Plaintiff prays that the Court will:

a) Enter a declaratory judgment that the discriminatory practices complained of herein are unlawful and violative of the above-cited statutes;

b) Permanently enjoin defendants, its agents, successors, officers, employees, attorneys and those acting in concert with it from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, particularly further

discrimination and retaliation as against Plaintiff, and from continuing any and all other practices shown to be in violation of applicable law;

c)  Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law that it not discriminate on the basis of race;

d)  Grant Compensatory damages to Plaintiff of Three Hundred Thousand Dollars;

e)  Grant Punitive damages to Plaintiff in an amount to be determined by the trier of facts;

f)  Grant Plaintiff the costs of this action including reasonable attorney's fees.

g)  Grant such other, further and different relief as this Court may deem just and proper to include back pay, liquidated damages, front pay, and all other equitable and legal relief as to which she may be entitled.

RESPECTFULLY SUBMITTED on this the __27th___ day of March, 2006.

_____
JAY LEWIS (LEW031)
CAROL GERARD (GER016)
Plaintiff's Attorneys

OF COUNSEL:

Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)

***PLAINTIFF DEMANDS TRIAL BY STRUCK JURY***