IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SEANTELL D. CRENSHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | 2:06cv276-DRB |
| KELLY AEROSPACE POWER SYSTEMS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Comes now Defendant Kelly Aerospace Power Systems, Inc. ("Kelly") and for its Answer to the Complaint of Seantell D. Crenshaw ("Crenshaw") states as follows:

1. Kelly admits that Crenshaw seeks to invoke the court's jurisdiction pursuant to the federal statutes referred to in the Complaint; but, Kelly denies that it violated Crenshaw's rights under any of those statutes.

2. Kelly admits that jurisdiction is proper in the U.S. District Court, but Kelly is without knowledge or information sufficient to form a belief regarding whether Crenshaw has fulfilled all of the conditions precedent to the institution of this action by timely and properly filing a charge of discrimination with the EEOC and timely filing her Complaint.

3. With respect to the allegations contained in paragraph 3 Kelly admits that Crenshaw was employed at Kelly's Lowndes County, Alabama facility, which is within the Middle District of Alabama, but denies the remaining allegations contained in paragraph 3 of the Complaint.

167947.1

4. Kelly admits that Crenshaw is black, over the age of 19, and a United States citizen, but is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 4 of the Complaint.

5. Kelly admits that it is a corporation doing business in Lowndes County, Alabama, but is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 5 of the Complaint.

6. With respect to the allegations contained in paragraph 6 of the Complaint, Kelly admits that Crenshaw seeks declaratory and injunctive relief, restitution, compensatory and punitive damages, and other equitable relief, costs, and fees, but Kelly denies that it is liable to Crenshaw in any respect and denies that Crenshaw is entitled to any of the relief requested.

7. Kelly denies the allegations contained in paragraph 7 of the Complaint.

8. Kelly denies the allegations contained in paragraph 8 of the Complaint.

9. Kelly denies the allegations contained in paragraph 9 of the Complaint.

10. Kelly denies the allegations contained in paragraph 10 of the Complaint.

11. Kelly expressly adopts as if fully set forth herein the answers in each of the foregoing paragraphs.

12. With respect to the allegations contained in paragraph 12 of the Complaint, Kelly admits that Crenshaw was employed by Kelly in September 2004 as a Unit Assembler. Kelly further admits that Crenshaw missed work from January 12, 2005 until February 7, 2005. Kelly admits that Crenshaw's employment was terminated for job abandonment and Crenshaw was

informed of such on February 7, 2005. Kelly admits that Crenshaw's replacement was white, but denies that Crenshaw provided appropriate notice for all of her absences. Kelly is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 12 of the Complaint.

13. Kelly denies the allegations contained in paragraph 13 of the Complaint.

14. Kelly admits that Crenshaw's replacement was white, but is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 14 of the Complaint.

15. Kelly denies the allegations contained in paragraph 15 of the Complaint.

16. Kelly expressly adopts as if fully set forth herein the answers in each of the foregoing paragraphs.

17. Kelly admits that Crenshaw is black and as such is protected under the federal statute set forth in paragraph 17 of the Complaint.

18. Kelly denies the allegations contained in paragraph 18 of the Complaint.

19. Kelly denies the allegations contained in paragraph 19 of the Complaint.

20. Kelly denies the allegations contained in paragraph 20 of the Complaint.

21. Kelly denies the allegations contained in paragraph 21 of the Complaint.

22. Kelly denies the allegations contained in paragraph 22 of the Complaint.

23. Kelly denies the allegations contained in paragraph 23 of the Complaint.

24. With respect to the allegations contained in paragraph 24 of the Complaint, Kelly admits that Crenshaw is black and as such a member of a protected class under 42 U.S.C. § 2000e *et seq*.

25. Kelly admits that Crenshaw held a job with Kelly, but denies the remaining allegations contained in paragraph 25 of the Complaint.

26. Kelly denies the allegations contained in paragraph 26 of the Complaint.

27. Kelly denies the allegations contained in paragraph 27 of the Complaint.

28. Kelly denies the allegations contained in paragraph 28 of the Complaint.

29. Kelly denies the allegations contained in paragraph 29 of the Complaint.

30. Kelly denies the allegations contained in paragraph 30 of the Complaint.

31. With respect to the allegations contained in the paragraph numbered 23 under Count III of the Complaint, Kelly denies the allegations contained therein.

32. With respect to the allegations contained in the paragraph numbered 27 under Count III of the Complaint, Kelly denies the allegations contained therein.

33. With respect to the allegations contained in the paragraph numbered 28 under Count III of the Complaint, Kelly admits that Crenshaw's employment with Kelly was terminated for job abandonment.

34. With respect to the allegations contained in the paragraph numbered 29 under Count III of the Complaint, Kelly admits that the position formerly held by Crenshaw was filled, but denies the remaining allegations contained therein.

35. With respect to the allegations contained in the paragraph numbered 30 under Count III of the Complaint, Kelly denies the allegations contained therein.

36. With respect to the allegations contained in the paragraph numbered 31 under Count III of the Complaint, Kelly denies the allegations contained therein.

37. With respect to the allegations contained in the paragraph numbered 32 under Count III of the Complaint, Kelly denies the allegations contained therein.

38. Kelly denies that it is liable to Crenshaw in any respect and denies that Crenshaw is entitled to any of the relief requested in the Prayer for Relief.

## First Defense

Kelly specifically denies every allegation of the Complaint not specifically admitted herein and demands strict proof thereof.

## Second Defense

Crenshaw's claims of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and under the Americans with Disabilities Act, 42 U.S.C. § 12112(b) *et seq.* are barred as a matter of law as Crenshaw failed to properly file a timely charge of discrimination with the EEOC that conforms to the regulatory requirements for such charge and has failed to timely file this lawsuit.

### Third Defense

Kelly undertook all of the decisions and/or actions challenged by Crenshaw as discriminatory for legitimate non-discriminatory, non-retaliatory, non-pretextual reasons.

### Fourth Defense

In the alternative to the preceding affirmative defense, Kelly would have undertaken some or all of the decisions and/or actions challenged as discriminatory in Crenshaw's Complaint even had Crenshaw not had the protected status alleged.

### Fifth Defense

Kelly denies that it has engaged in any unlawful employment practices and that it has discriminated in any manner against Crenshaw.

### Sixth Defense

Crenshaw's race has never been a factor or a determinative influence on any employment decision made by Kelly.

### Seventh Defense

Crenshaw's alleged disability or perceived disability, if any, has never been a factor or a determinative influence on any employment decision made by Kelly.

### Eighth Defense

Crenshaw does not have a record or history of a disability as defined under the Americans with Disabilities Act.

### Ninth Defense

Kelly did not perceive or regard Crenshaw as suffering from a disability.

### Tenth Defense

Crenshaw never requested any accommodation due to a disability.

**Eleventh Defense**

Kelly lacked knowledge of Crenshaw's condition that allegedly imposed a substantial limitation and allegedly warranted the undertaking of a reasonable accommodation obligation.

**Twelfth Defense**

Some or all accommodations claimed would have imposed undue hardship on Kelly.

**Thirteenth Defense**

The equitable or declaratory relief sought by Crenshaw is barred by the doctrine of latches, estoppel or unclean hands.

**Fourteenth Defense**

Crenshaw's claims for relief are barred by her failure to mitigate damages, if any.

**Fifteenth Defense**

Kelly diligently and continuously exercises reasonable care to prevent and correct promptly any charge of discriminatory behavior in the workplace, including, but not limited to, having a well established equal employment opportunity policy, having a well established complaint procedure and providing complainants with avenues of redress. Crenshaw unreasonably failed to take advantage of the preventive and corrective measures provided by Kelly, including, but not limited to, her failure to file a complaint of discrimination and/or otherwise notify management of any alleged discriminatory behavior.

**Sixteenth Defense**

Kelly took all of its actions with respect to Crenshaw in good faith.

**Seventeenth Defense**

The amount of any compensatory or punitive damages that Crenshaw seeks to recover from Kelly is subject to the applicable damage caps.

**Eighteenth Defense**

The punitive damages sought by Crenshaw are unconstitutional under the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  Crenshaw's claims for punitive damages are barred further because the acts and omissions, if any, of Kelly which are specifically denied, fail to rise to the level required to sustain an award of punitive damages; were not motivated by evil intent or discriminatory intent or intent to harm; do not evidence a malicious, known, oppressive or fraudulent intent to deny Crenshaw her protected rights or to harass or otherwise discriminate against Crenshaw; and are not so wanton or willful as to support an award of punitive damages.

**Nineteenth Defense**

Any claims for punitive damages by Crenshaw cannot be sustained because any award of such damages by a jury that [1] is not provided a standard of sufficient clarity for determining the appropriateness or the appropriate size of a damage award, [2] is not expressly prohibited from awarding such damages, or determining the amount of an award of such damages, in whole or in part, on the basis of invidiously discriminatory characteristics, [3] is permitted to award such damages under a standard for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes such damages permissible, and [4] is not subject to judicial review on the basis of objective standards, would violate Kelly's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by the Alabama Constitutional Provisions providing for due process, equal protection and guarantee against double jeopardy.

**Twentieth Defense**

Any claims for punitive damages by Crenshaw cannot be sustained because any award of such damages without proof of every element beyond a reasonable doubt would violate Kelly's due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Alabama Constitution.

**Twenty-first Defense**

Kelly reserves the right to amend its Answer and add additional defenses to the extent such defenses are revealed during the discovery process.

/s/ Kelly F. Pate
   One of the attorneys for Defendant,
   Kelly Aerospace Power Systems, Inc.

OF COUNSEL:

Charles B. Paterson (PAT018)
Kelly F. Pate (FIT014)
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (866) 736-3857
E-mail: cpaterson@balch.com

Alan M. Rauss (Bar No. 0000888)
KOHRMAN JACKSON & KRANTZ
One Cleveland Center, 20th Floor
Cleveland, Ohio 44114
Telephone: (216)696-8700
Facsimile: (216)621-6536
E-mail: amr@kjk.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the 15th day of May, 2006:

Mr. Jay Lewis
Ms. Carol Gerard
Law Offices of Jay Lewis LLC
P.O. Box 5059
Montgomery, AL 36103

In addition, I hereby certify that I have mailed by United States Postal Service a copy of the foregoing document to any non-CM/ECF participants this the 15th day of May, 2006.

/s/ Kelly F. Pate
Of Counsel